In the Matter of the Claim of ELIZABETH GRUNDMANN, Respondent, v. BICKFORD'S INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision which awarded death benefits to decedent's mother, upon a finding of partial dependency. The decedent, while working as a porter in the employer's restaurant business in Long Island City, on July 17, 1966 sustained fatal injuries in a fall from a scaffold. The occurrence of an industrial accident is not controverted and the only issue raised by appellant, the self-insured employer, is that of dependency. Decedent, a native of Germany, was 38 years of age and single. He was survived by his widowed mother, who resides in Germany, as does her other son, decedent's brother, they being her only children. There was proof by affidavit of the brother (verified by him in New York while he was in the United States "because of [his brother's] sudden death") and by affidavit or deposition of the mother (sworn to at the Consulate General of the United States at Munich, Germany, before a vice consul of the United States) that during decedent's father's terminal illness, and shortly before his death in January, 1965, decedent returned to Germany to visit his parents; that at

that time decedent and his brother agreed that after their father's death they would jointly support their mother; and that after the father's death they did so, decedent contributing $40 to $50 monthly and the brother about $37.50 monthly. The mother, aged 65, owned no property and her only income, aside from her sons' contributions, was a government pension of approximately $57.50 per month. Thus her total income was $135 to $145 per month, of which decedent contributed $40 to $50. The documentary proof above alluded to was received by the Referee without objection and it is evident that he immediately, although tacitly, recognized the obvious error of his own gratuitous observation at the time, that it was insufficient, as constituting "self-serving declarations" on the part of the mother and the brother, since he promptly, at the same hearing, made the award now in issue. Appellant now questions the admissibility of the evidence although all of it was received without any objection or other challenge on its part; and although the Referee suggested that appellant's counsel might cross-examine the mother, counsel instead immediately rested. In any event, however, the "proof of present existence and of dependency * * * made by the personal appearance of [the mother] before a * * * consular officer of the United States" (Workmen's Compensation Law, § 121-a) was legally and technically competent and was factually sufficient to establish dependency and, contrary to appellant's contention, rule 19 of the General Rules and Procedure of the Workmen's Compensation Board (12 NYCRR 300.20) applying to persons claiming dependency who "cannot for good and sufficient reason appear before and be examined by a diplomatic or consular officer of the United States, as provided by section 121-a" (emphasis supplied) is, of course, inapplicable here, inasmuch as the mother could and did appear before a consular officer. The proof set forth in the affidavit of the brother was, as hereinbefore indicated, received without objection; appellant clearly waived its right to cross-examine the affiant; respondent urges that the board was within its prerogatives (under Workmen's Compensation Law, § 118) in receiving it; further, that its supposed lack of competency and admissibility generally was not specified as a ground for reversal in appellant's application for board review (see Matter of McIntosh v. Hauserman, 12 A D 2d 406, 410, affd. 10 N Y 2d 892; Matter of Hedlund v. United Exposition Decorating Co., 15 A D 2d 973, 975, mot. for lv. to app. den. 11 N Y 2d 646); and we find it merely cumulative, in any event. The only evidence offered by appellant was the Employees' Withholding Exemption Certificate (Form W-4, U. S. Treasury Department, Internal Revenue Service) filed by decedent in 1966, in which he claimed no exemption by reason of his mother's dependency. The board was not required to give evidentiary effect to the certificate and, indeed, could not properly have done so inasmuch as decedent was not entitled to claim an exemption for a dependent who was a nonresident alien. (U. S. Code, tit. 26, § 152, subd. [b], par. [3]; Internal Revenue Code, § 152, subd. [b], par. [3].) Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.